NUMBER
13-02-328-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

          IN THE INTEREST OF C.K.L. AND T.A.L., MINOR CHILDREN

___________________________________________________________________

 

                   On
appeal from the County Court at Law No. 1 

                                 of
Calhoun County, Texas.

__________________________________________________________________

 

                          MEMORANDUM
OPINION

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 

Appellant, the mother of C.K.L. and
T.A.L., brings this accelerated appeal following the trial court=s order
terminating her parental rights.  By one
issue, appellant contends the trial court erred in admitting three exhibits as
evidence.  We affirm.

As this is a memorandum opinion not designated for publication, and
the parties are familiar with the facts, we will not recite them here.  See Tex.
R. App. P. 47.1.

 








I.  Standard

We review the trial court=s evidentiary rulings
under an abuse of discretion standard.  Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000).  Unless the trial court=s erroneous
evidentiary ruling probably caused the rendition of an improper judgment, we
will not reverse the ruling.  Id.

II.  Analysis

By her sole issue, appellant contends the trial court erred in
admitting three State=s exhibits over her
objections.[1]  Appellant first argues the medical records of
C.K.L. and T.A.L. were admitted erroneously because they contained hearsay and
went beyond the scope of Texas Rule of Evidence 803(4).  See Tex.
R. Evid. 803(4).  Specifically, she objected that the records
went beyond the scope of rule 803(4) because they got into Aessentially a who-done-it-type
thing, identity issues.@








In Texas, it has been held that statements by a victim of child abuse
as to the causation and source of the child=s injuries are admissible under rule 803(4).  In re L.S., 748 S.W.2d 571, 576 (Tex.
App.BAmarillo 1988, writ.
denied); see Moore v. State, 82 S.W.3d 399, 403 (Tex. App.BAustin 2002, pet. ref=d).  Moreover, in child sexual abuse cases, the
injury is often as much psychological as it is physical in nature.  Ware v. State, 62 S.W.3d 344, 351
(Tex. App.BFort Worth 2001, pet.
ref=d).  The nature and extent of the psychological
harm may depend on the identity of the abuser. 
Id.  Thus, the identity of
an accused may be Areasonably pertinent
to medical diagnosis and treatment.@  Id.; see Fleming v. State, 819
S.W.2d 237, 247 (Tex. App.BAustin 1991, pet. ref=d).  Looking at the two exhibits, we are unclear
as to where appellant believes the identity of the abuser is revealed.  Regardless, we conclude that if an
identification were made, the statement containing the identification would be
pertinent to the diagnosis and treatment of both C.K.L. and T.A.L.  See Ware, 62 S.W.3d at 351; Fleming,
819 S.W.2d at 247; see also Tex.
R. Evid. 803(4).  Thus, the trial
court did not abuse its discretion in overruling appellant=s hearsay objection to
the two exhibits.  See Horizon/CMS
Healthcare Corp., 34 S.W.3d at 906.

Appellant also argues that the trial court erred in admitting exhibit
5, which contained a time line of events relating to the history of the
case.  However, in
accordance with rule 38.1(h) of the Texas Rules of Appellate Procedure, we will
only consider contentions that are supported by clear and concise arguments
with appropriate citations to authorities. 
Tex. R. App. P. 38.1(h).  Thus, we will not address appellant=s
argument concerning this exhibit. 
Appellant=s sole issue is overruled.  

Accordingly, the judgment of the trial
court is affirmed.  

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 12th day of
December, 2002.








 











[1]Appellant
objected to: Exhibit 1 and 1A, which were the medical records of C.K.L. and
T.A.L.; and Exhibit 5, which was a time line of events leading up to the State=s
filing of the petition to terminate.